WAXELBAUM & SON v. CONNOR.

Where a judgment is against a partnership, and against the individual members, naming each of them and describing them as members of the firm, an execution founded thereon which directs the seizure of the property of the firm and of each person named in the judgment as members thereof, is not materially variant from the judgment, although it omits to add the statement that they are members of the firm. *Treadwell, Abbott & Co.* v. *Beauchamp*, 82 *Ga*. 736. In *Clayton & Webb* v. *May*, 68 *Ga*. 27, the judgment was against the firm only, and for that reason that case is distinguishable from the present case.          *Judgment reversed.*

April 23, 1894.   Argued at the last term.

Levy and claim.   Before Judge FISH.   Pulaski superior court.   May term, 1893.

Suit was brought against " W. B. Fitzgerald & Co., a firm composed of W. B. Fitzgerald of Wilcox county, and Charles Fitzgerald and J. W. Connor of Pulaski county, as partners," upon promissory notes.   Each of the defendants was legally served.   Judgment by default was rendered against "the defendants W. B. Fitzgerald & Co., and against W. B. Fitzgerald, Charles Fitzgerald and J. W. Connor, the individual members of said firm." Execution issued against the goods, etc., "of W. B. Fitzgerald & Co., and of W. B. Fitzgerald, Charles Fitzgerald and J. W. Connor." It was levied on land which was claimed by Missouri Connor.   She moved to dismiss the levy for fatal variance between the judgment

v 94-34

and declaration and between the execution and the judgment and declaration; and the motion was sustained.

J. H. MARTIN, for plaintiffs.

L. C. RYAN, for claimant.